**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR RIO RICO OF ARIZONA

| | |
|---|---|
| Rene Mendoza, et al., | No. CV-18-00479-TUC-CKJ |
| Plaintiffs, | **ORDER** |
| v. | |
| Rio Rico Medical & Fire District, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Counts Five and Seven of the First Amended Complaint (Doc. 21). Plaintiffs filed a Response (Doc. 23) to Defendants' Motion to Dismiss and Defendants filed a Reply. (Doc. 24).

## Factual and Procedural Background

On October 9, 2018, Plaintiffs Rene Mendoza ("Mr. Mendoza"), Lani Salazar ("Mrs. Salazar"), and Lionel Salazar filed an Amended Complaint against Rio Rico Medical & Fire District ("Rio Rico"), Albert Ibarra ("Mr. Ibarra"), Carmen Ibarra, Albert Flores ("Mr. Flores"), and Beatrice Flores. Among other things, Plaintiffs' alleged claims of intentional infliction of emotional distress (Count Five) and a violation of the Arizona Employment Protection Act (Count Seven) in connection with various incidents of sexual assault and harassment.

Arizona requires that a Notice of Claim be filed before an individual files suit against a public entity, such as Rio Rico. *See* Ariz. Rev. Stat. Ann. § 12-821.01. On March 14, 2018, the Salazars sent Rio Rico and Mr. Flores a Notice of Claim. (Doc. 23-1). The

notice included a variety of factual claims against Rio Rico and Mr. Flores and included a specific amount for which the claims could be settled. On May 2, 2018, Mr. Mendoza sent Rio Rico and Mr. Ibarra a Notice of Claim. (Doc. 23-3). The notice included a variety of factual claims against Rio Rico and Mr. Ibarra and included a specific amount for which the claims could be settled.

Neither Notice of Claim was accepted within 60 days of receipt, deeming them denied under § 12-821.01(E).[1] On December 24, 2018, Defendants filed the pending Motion to Dismiss Counts Five and Seven of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants allege that neither Mrs. Salazar nor Mr. Mendoza included claims for intentional infliction of emotional distress or a violation of the Arizona Employment Protection Act in their Notices of Claim and, therefore, those claims should be dismissed.

**Analysis**

Arizona's Notice of Claim requirement relating to public entities is codified in Ariz. Rev. Stat. Ann. § 12-821.01(A), which provides:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity, public school or public employee to understand the basis on which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Therefore, a Notice of Claim must include: "(1) facts sufficient to permit the public entity to understand the basis upon which liability is claimed, (2) a specific amount for which the claim can be settled, and (3) the facts supporting the amount claimed." *Backus v. State*, 203 P.3d 499, 502 (Ariz. 2009). "The purpose of the notice is to allow the public

---

[1] "A claim against a public entity or public employee filed pursuant to this section is deemed denied sixty days after the filing of the claim unless the claimant is advised of the denial in writing before the expiration of sixty days."

employee and his employer to investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting." *Crum v. Superior Court,* 922 P.2d 316, 317 (Ariz. Ct. App. 1996). The notice of claim must "at least contain enough information to allow the state to intelligently ascertain these purposes so it can conscientiously allow or disallow the claim." *Howland v. State*, 818 P.2d 1169, 1175 (Ariz. Ct. App. 1991).

        *1. Intentional Infliction of Emotional Distress*

The Salazars' Notice of Claim contains a myriad of factual allegations that would permit Defendants to understand the basis upon which Plaintiffs raise a claim for intentional infliction of emotional distress. *See* (Doc. 23-1, pg. 3) ("Flores then proceeded to rape Mrs. Salazar. Mrs. Salazar fought Flores, but Flores penetrated her."); *id.* ("Flores grabbed Mrs. Salazar by the arm and forced her into the gym at the First District's fire station. Flores forced Mrs. Salazar to have sex with him on top of a bench."); *id.* at 4 ("As a result of Flores actions and Rio Rico's as described above, Mrs. Salazar suffered severe mental distress that requires therapy by a psychologist that is expected to span years to treat the psychological damage that Flores inflicted upon her.").

Similarly, Mr. Mendoza's Notice of Claim contains numerous factual allegations that would permit Defendants to understand the basis upon which Plaintiffs raise a claim for intentional infliction of emotional distress. *See* (Doc. 23-3, pg. 2) ("Captain Ibarra saw Mr. Mendoza standing by the metal storage box and approached Mr. Mendoza to strike Mr. Mendoza in the testicles with a flexible antenna from a radio. Mr. Mendoza grimaced in pain. Captain Ibarra looked at Mr. Mendoza grimacing, laughed and left the area. Mr. Mendoza suffered physical pain and garden variety mental distress including depression, anger, dignity, loss of self-esteem, humiliation and worry about keeping his job."); *id.* ("James Sheldon hit him in the testicles with a metal flask. When Mr. Mendoza protested, Sheldon threatened to make Mr. Mendoza's engine boss paperwork disappear.").

The Court is surprised that Defendants allege "[n]either Mendoza's nor Ms. [sic] Salazar's Notices of Claim contains facts sufficient to provide notice of a claim for

intentional infliction of emotional distress." (Doc. 24, pg. 2). Defendants acknowledge that "[Mr.] Mendoza's Notice of Claim alleges that District employees struck him in the testicles and exposed themselves." *Id.* Defendants also acknowledge "Ms. [sic] Salazar's Notice of Claim alleges that the former District Fire Chief raped her." *Id.* Allegations such as these clearly put Defendants on notice to understand the basis for liability.

Ultimately, "the supporting facts requirement is intended to be a relatively light burden on claimants, just enough to facilitate the government's investigation." *Yollin v. City of Glendale*, 191 P.3d 1040, 1048 (Ariz. Ct. App. 2008); *see also Backus*, 203 P.3d at 505 ("This standard does not require a claimant to provide an exhaustive list of facts; as long as a claimant provides facts to support the amount claimed, he has complied with the supporting-facts requirement of the statute, and courts should not scrutinize the claimant's description of facts to determine the 'sufficiency' of the factual disclosure."). The Court finds that Plaintiffs have met their § 12-821.01 burden pursuant to their claim of intentional infliction of emotional distress.

### 2. *Arizona Employment Protection Act*

Defendants allege that none of the Plaintiffs included any factual allegations relating to the Arizona Employment Protection Act in their Notices of Claim. *See* (Doc. 21, pg. 3) ("No dispute exists that Mendoza and the Salazars did not include intentional infliction of emotional distress or violation of the Arizona Employment Protection Act in their Notices of Claim."). However, Plaintiffs' Complaint specifically alleges a violation of the Arizona Employment Protection Act as to *only* Mrs. Salazar against Rio Rico. Therefore, the Court will not address whether Mr. Mendoza's Notice of Claim contains sufficient factual allegations in connection with Count Seven of the Complaint.

The Salazars submitted their Notice of Claim on March 14, 2018. According to the Complaint, Mrs. Salazar was issued a Notice of Intent to Dismiss on May 15, 2018. (Doc. 8). There is no dispute that the Salazars did not include specific factual allegations regarding the Arizona Employment Protection Act in their Notice of Claim, but, considering that Mrs. Salazar was terminated from her position three months after the

Salazars submitted their Notice of Claim, it would have been impossible for them to include those specific factual allegations in their Notice.

The remaining question is whether the Salazars' failure to file a new Notice of Claim, with sufficient factual allegations regarding a claim relating to the Arizona Employment Protection Act, is an error requiring dismissal of that claim. To address this issue, it is important to reiterate the purpose of § 12-821.01. The statute exists to allow public entities an opportunity to "investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Martineau v. Maricopa Cty.*, 86 P.3d 912, 915-16 (Ariz. Ct. App. 2004).

Compliance for this issue may seem perfunctory, considering that Defendants did not accept the Plaintiffs' initial Notices of Claim. Furthermore, the Court is aware that Mrs. Salazar's claim for wrongful termination is deeply related to the factual allegations included in her March 14, 2018 Notice of Claim. However, compliance with the statute is not discretionary. Strict compliance is generally required, with a few limited exceptions. *See Lee v. State*, 182 P.3d 1169, 1174 (Ariz. 2008) ("Unless a claimant strictly complies with the statute's filing requirement, a claim against the state is statutorily barred."); *Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990) ("Like a statute of limitations, this procedural requirement is subject to waiver, estoppel and equitable tolling."). Not only is there no indication that any of these limited exceptions are applicable, it appears that Mrs. Salazar believed that she had complied with the statute.

In Plaintiffs' Response, she writes:

> Courts settled that litigants may discharge their duties under the Notice Claim with letters to the defendant indicating an intention to sue. Attached as Exhibit 2 is Lani Salazar's response to Chief Amegaza's decision to fire her. Mrs. Salazar gave her reasons for why she believed she [sic] Rio Rico unjustly terminated [her] and informed Chief Amegaza that she intended to vigorously pursue her legal remedies. Mrs. Salazar's Notice of Claim and May 16, 2018 [letter] taken together fulfil [sic] the Notice of Claim requirements for her [Arizona Employment Protection Act claim].

(Doc. 23, pg. 3-4).

Mrs. Salazar claims that "Courts settled that litigants may discharge their duties under the Notice Claim with letters to the defendant indicating an intention to sue," but provides no legal authority to support her assertion. As has been previously noted, a proper notice of claim must include "(1) facts sufficient to permit the public entity to understand the basis upon which liability is claimed, (2) a specific amount for which the claim can be settled, and (3) the facts supporting the amount claimed." *Backus*, 203 P.3d at 502.

Mrs. Salazar's letter to Chief Amezaga[2] (Doc. 23-2) does not provide sufficient facts to permit Rio Rico to understand the basis upon which liability is claimed, nor does it provide a specific amount for which the claim can be settled. A letter indicating an intention to sue, especially one that omits a specific amount for which the claim can be settled, does not meet the requirements of § 12-821.01. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 493-94 (Ariz. 2007) ("The notice of claim statute is clear and unequivocal: The statute instructs that a claim '*shall* also contain a *specific amount* for which the claim *can be settled* and the facts supporting that amount.' A.R.S. § 12–821.01.A (emphasis added). This language unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim . . . By failing to state a specific amount that she would accept to settle her claims, [claimant] failed to comply with that statutory requirement.").

Despite Mrs. Salazar's incorrect belief that her March 14, 2018 "Notice of Claim and May 16, 2018 [letter] taken together fulfil [sic] the Notice of Claim requirements for her [Arizona Employment Protection Act claim]," Mrs. Salazar was statutorily required to submit an additional Notice of Claim after her alleged wrongful termination to permit Rio Rico to have an opportunity to investigate, and possibly settle, her Arizona Employment Protection Act claim. Mrs. Salazar did not properly file such a notice, as required by § 12–821.01 and, therefore, Mrs. Salazar's claim for an alleged wrongful termination pursuant to the Arizona Employment Protection Act (Count Seven) will be dismissed.

…

---

[2] Although Plaintiffs' Response refers to Chief "Amegaza", a review of Mrs. Salazar's May 16, 2018 letter and Rio Rico's website indicates that the proper spelling is "Amezaga."

Accordingly, IT IS ORDERED:

1. Defendants' Motion to Dismiss Counts Five and Seven of the First Amended Complaint (Doc. 21) is **granted** in part and **denied** in part.

2. Count Seven of the First Amended Complaint is dismissed.

Dated this 1st day of March, 2019.

Honorable Cindy K. Jorgenson
United States District Judge