**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Mendoza, et al., | No. CV-18-00479-TUC-CKJ |
| Plaintiffs, | **ORDER** |
| v. | |
| Rio Rico Medical & Fire District, et al., | |
| Defendants. | |

Before the Court are Plaintiffs' Motions *in Limine* #2-5 (Docs. 107, 108, 110, 112), Defendants' Motions *in Limine* #1-2 (Docs. 104, 105), and Defendants' Rule 412 Motion to Present Evidence of Lani Salazar's Workplace Behavior and Conversations (Doc. 137) and Motion to File Under Seal (Doc. 148). For the reasons that follow, the Court grants Plaintiffs' Motions *in Limine* #2 and 5, denies Defendants' Motion *in Limine* #2, and grants in part and denies in part Plaintiffs' Motions *in Limine* #3 and 4 and Defendants' Motion *in Limine* #1. The Court grants Defendants' Motion to File Under Seal, takes their 412 Motion under advisement and sets a Rule 412 hearing for December 7, 2021, at 3:30 p.m.

### I. Motions *in Limine*

Federal district courts are given the authority to exclude evidence pursuant to a motion *in limine* in order to manage a trial, *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), and judges have broad discretion when ruling on such motions, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Limine rulings are provisional, and the trial judge may reverse the decision during the course of trial. *Ohler v. United States*, 529

U.S. 753, 758 n.3 (2000).  A court "has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.* at 1401.  "[A] ruling [*in limine*] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42.

### A. Plaintiffs' Motion *in Limine* #2: Preclude Evidence of Mendoza's Work Performance and Termination

Plaintiffs request that the Court preclude evidence of Plaintiff Mendoza's work performance and termination because such evidence would be irrelevant and unfairly prejudicial at trial. (Doc. 107 at 1-3) Defendants argue that such evidence would be helpful in determining Mendoza's credibility and are relevant to his motive and bias. (Doc. 118 at 3-4).  Plaintiffs' request to preclude evidence of Mendoza's work performance and termination is granted.  Evidence concerning Mendoza's performance and termination, while potentially probative of Mendoza's motivation to file suit, is irrelevant to determining whether he was subject to a hostile work environment, a common law assault, or a common law battery.  Any probative value of the evidence would be substantially outweighed by the danger of unfair prejudice in addition to potentially confusing the jury in a fact-intensive case involving thirteen claims between two plaintiffs.

Mendoza has five remaining claims for trial: (1) a Title VII hostile work environment claim against the District; (2) a common law assault claim against Defendant Ibarra; (3) a common law assault claim against the District; (4) a common law battery claim against Ibarra; and (5) a common law battery claim against the District. (Doc. 109 at 6-7) To prevail on a hostile work environment claim, Mendoza must first prove that he was

subject to a hostile work environment. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002) ("[P]laintiff [must] establish[ ] that [he] was subjected to a hostile work environment, and whether the employer is liable for the harassment that caused the environment.").

To demonstrate a hostile work environment, Mendoza must prove (i) he was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature; (ii) the conduct was unwelcome; (iii) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create a hostile work environment; (iv) he perceived the working environment to be abusive or hostile; and (v) a reasonable man in his circumstances would consider the working environment to be abusive or hostile. *9th Cir. Model Civil Jury Instr. 10.5* (2021). To satisfy the second prong of a hostile work environment claim, Mendoza must prove (i) he was subjected to a sexually hostile work environment; and (ii) the defendant or a member of defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment. *9th Cir. Model Civil Jury Instr. 10.7* (2021).

Mendoza's work performance and the facts underlying his termination are not at issue at trial. At issue are the facts and circumstances surrounding alleged incidents of workplace harassment that he suffered while working at the Rio Rico Fire District. In support of the admissibility of performance-related evidence, Defendants cite caselaw that addresses vastly different fact scenarios and evidentiary issues from the case at hand. *See United States v. Hanky*, 203 F.3d 1160, 1171 (9th Cir. 2000) (admitting bias or coercion testimony to impeach the credibility of a criminal defendant in a drug distribution trial); *P.C. v. City of Los Angeles*, No. CV 07-3413 ABC (JCX), 2011 WL 13153241, at *2 (C.D. Cal. Aug. 22, 2011) (admitting evidence of a decedent's parolee-at-large status for false arrest and excessive force claims brought by the decedent's children); *Madrid v. Apache Cnty.*, No. CIV 03-172 PCT RCB, 2006 WL 1273945, at *3 (D. Ariz. May 9, 2006) (admitting a plaintiff's EEOC complaint to establish her work location at the time of her

termination in trial involving retaliation and intentional interference with business relations claims). None of the aforementioned scenarios are at play here. Should Mendoza "open the door" to his work performance or termination at trial, defense counsel may be permitted to proffer this type of evidence.

### B. Plaintiffs' Motion *in Limine* #3: Preclude Evidence of Salazar's Character for Truthfulness and Sexual Predisposition

Plaintiffs ask the Court to preclude evidence of Plaintiff Salazar's character for truthfulness and sexual predisposition at trial because such evidence would be impermissible character evidence and prejudicial under Federal Rules of Evidence 401, 402, 403, and 412. (Doc. 108 at 1-3) Defendants argue that the Court should deny the request because Salazar's at-work behavior is relevant and probative to whether the alleged sexually hostile work environment was unwelcome. (Doc. 119 at 1-5) Defendants also argue that Salazar's character for truthfulness is relevant and admissible under Federal Rule of Evidence 608. *Id*. Plaintiffs' motion is granted in part and denied in part. A witnesses' character for truthfulness may be attacked under certain circumstances under the Federal Rules. *See* Fed. R. Evid. 608(a) ("A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character."); Fed. R. Evid. 608(b) ("[T]he court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness" of the witness[.]"). As such, the Court will not bar such evidence at trial. However, any evidence that is suggestive of Salazar's sexual predisposition will be barred unless permitted under the Court's Rule 412 analysis.

### C. Plaintiffs' Motion *in Limine* #4: Preclude Testimony and Expert Report of Catherine Cameron

Plaintiffs request that the Court preclude the expert report and testimony of Catherine Cameron because her report contains prejudicial and irrelevant evidence, is incomplete, and will not assist the trier of fact in determining a fact at issue at trial. (Doc.

110 at 1-2) Defendants argue that the Court should allow Ms. Cameron's report and testimony because Plaintiffs' motion is an untimely *Daubert* motion, Ms. Cameron is qualified to testify as an expert witness, and her testimony is reliable and helpful to determine the issue of Salazar's damages. (Doc. 120 at 1-5) Plaintiffs' motion to preclude Ms. Cameron's expert report and testimony is granted in part and denied in part. Defendants will be precluded from introducing Ms. Cameron's report at trial, but they may call her as an expert witness since Plaintiffs concede that they have no issue with her qualifications. *See* Doc. 110 at 2.

"Rule 702 governs the admissibility of expert testimony." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002). "Under Rule 702, expert testimony is admissible if the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*. (citation and internal quotation marks omitted). "Whether testimony is helpful within the meaning of Rule 702 is in essence a relevancy inquiry." *Id*. "The trial court acts as 'gatekeeper' and determines whether expert scientific testimony is sufficiently relevant and reliable to be admissible." *Id*. Rule 702 instructs that a witness who is qualified as an expert may testify in the form of an opinion if (i) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (ii) the testimony is based on sufficient facts or data; (iii) the testimony is the product of reliable principles and methods; and (iv) the expert has reliably applied the principles and methods to the facts of the case. "The proponent of the expert testimony has the burden of establishing Rule 702's admissibility requirements by a preponderance of the evidence." *Powell v. Anheuser-Busch Inc.*, 2012 U.S. Dist. LEXIS 200311, *15-16, 2012 WL 12953439 (C.D. Cal. September 24, 2012).

Defendants fail to establish how Ms. Cameron's report meets Rule 702's admissibility requirements, and the report is hearsay. As such, Ms. Cameron's report is inadmissible at trial. Ms. Cameron, however, may testify as an expert at trial concerning the opinions in her report that are within her area of expertise. Her testimony is subject to cross-examination.

### D. Plaintiffs' Motion *in Limine* #5: Preclude District's Investigative Report and Testimony of Katherine Baker

Plaintiffs request that the Court preclude Katherine Baker's investigative report and testimony because the report contains inadmissible hearsay, prejudicial rape shield evidence, and impermissible character evidence. (Doc. 112 at 1-3) Defendants argue that the Court should allow Ms. Baker's report and testimony because they are highly probative of Salazar's hostile work environment claim and the District's defenses, their probative value is not outweighed by the prejudicial effect, and the report and testimony are admissible as evidence of Salazar's character for truthfulness. (Doc. 121 at 2-5) The Court grants Plaintiffs' request and precludes Ms. Baker's report and testimony at trial.

Ms. Baker's report, commissioned at the District's request, is seventy-five pages in length, is based on irrelevant, incomplete, or inadmissible evidence, and contains the following disclaimer:

> This report is intended to summarize the facts, and the investigator's conclusions and recommendations based on the facts, using a preponderance of the evidence standard. The investigator had broad discretion to frame the issues, evaluate the evidence, determine whether to conduct interviews, decide what evidence is relevant, and to determine whether to reach a conclusion or make a recommendation on any issue. The investigator exercised her reasonable discretion to determine the scope of the investigation and of this report.

Doc. 112-2 at 2 (internal footnote omitted).

Additionally, the report does not constitute a public record under Federal Rule of Evidence 803, contains double and triple hearsay, makes legal conclusions concerning disputed facts, and supplants the roles of both the jury and the Court at trial. *See In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 413 (S.D.N.Y. 2016) (cleaned up) ("[E]xpert testimony that usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it does not aid the jury in making a decision; rather, it undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's."); *Wilson v.*

*Maricopa Cnty.*, No. CV-04-2873 PHX DGC, 2007 WL 686726, at *5 (D. Ariz. Mar. 2, 2007) ("Statements by third persons that are recorded in an investigative report are hearsay within hearsay."); *United States v. Vretta*, 790 F.2d 651, 659 (7th Cir. 1986) ("A trial judge has considerable discretion, within the parameters of the rules of evidence, in determining whether the hearsay statements contain the necessary circumstantial guarantees of trustworthiness."). Ms. Baker is not a fact witness. She is an attorney with no personal knowledge of the events that gave rise to the dispute in question. Any information she might offer has been provided to her as an investigator and without the assistance of counsel. Ms. Baker's paid opinion was sought on the issues in dispute. As such, her report and testimony are precluded from trial. The District, however, will be allowed to disclose the fact that it carried out an investigation as a result of Salazar's complaint. The result of that investigation is not admissible.

### E. Defendants' Motion in Limine #1: Exclude or Limit Evidence of Messages, Pictures, and Videos from Ramon Leyvas

Defendants request that the Court exclude or limit evidence of messages, pictures, and videos that Mendoza received from District employee Ramon Leyvas because such evidence is cumulative and unfairly prejudicial. (Doc. 104 at 2-3) Plaintiffs argue that such evidence is probative as to whether District management knew or should have known of the messages and failed to take remedial action. (Doc. 122 at 2) The Court grants in part and denies in part Defendants' request. The Court will allow as evidence messages, pictures, and videos that Mendoza received from other District employees because such evidence is relevant to, and probative of, Mendoza's Title VII hostile work environment claim. However, the Court will not permit hundreds of images, messages, and videos into evidence at trial because the evidence would be cumulative and a waste of time. *See United States v. Ives*, 609 F.2d 930, 933 (9th Cir. 1979) ("Cumulative evidence replicates other admitted evidence."). The Court has reviewed numerous examples of audio messages and videos sent to Mendoza. Plaintiffs will be permitted to publish 5 videos, 5 audio messages,

and 10 photos[1] to the jury during trial. Such evidence must meet traditional admissibility requirements before publication to the jury.

### F. Defendants' Motion in Limine #2: Preclude Evidence of Other Allegations of Harassment

Defendants request that the Court preclude Plaintiffs from presenting evidence of prior incidents of alleged harassment within the District because such evidence would be inadmissible, irrelevant, and unfairly prejudicial. (Doc. 105 at 2-5) Plaintiffs argue that the Court should allow such evidence, as it establishes the District's discriminatory animus and the presence of a hostile work environment. (Doc. 123 at 2) The Court denies Defendants' request, as the evidence may be probative of a hostile work environment, the United States Court of Appeals for the Ninth Circuit has allowed the admission of similar evidence, and such evidence would not be unfairly prejudicial to Defendants.

The Federal Rules of Evidence define relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence[,]" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Plaintiff Salazar has eight remaining claims for trial: (1) a Title VII hostile work environment claim against the District; (2) a Title VII retaliation claim against the District; (3) a common law battery claim against Defendant Flores; (4) a common law battery claim against the District; (5) a common law assault claim against Flores; (6) a common law assault claim against the District; (7) an IIED claim against Flores; and (8) an IIED claim against the District. (Doc. 109 at 6-8) The Ninth Circuit has held that evidence of an employer's sexual harassment of female employees other than the plaintiff and evidence of the employer's disparaging remarks about women in general were relevant to a discriminatory discharge claim. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891-897-98 (9th Cir. 1994); *see also Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) ("There is no unfair prejudice, however, if the jury were to believe that an employer's sexual harassment of other female employees made it more likely that an employer viewed his female workers as sexual

---

[1] The Court notes that no photo evidence was submitted for in-camera review.

objects, and that, in turn, convinced the jury that an employer was more likely to fire an employee in retaliation for her refusal of his sexual advance."). Furthermore, evidence of other bad acts may be admissible for proving motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). Accordingly, the Court denies Defendants' request as overly broad and premature.

In addition to denying Defendants' request to preclude evidence of prior incidents of alleged harassment from trial, the Court instructs Plaintiffs to file a supplemental memorandum indicating the "other bad act" evidence that it intends to introduce at trial and how such evidence meets *Duran's* evidentiary requirements. *See Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (cleaned up) ("(1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged. Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice."). Plaintiffs shall file their memorandum within 14 days from the date of this Order. Defendants will have 7 days upon receipt of Plaintiffs' memorandum to file a response. No reply will be permitted unless instructed by the Court. If necessary, the Court will schedule a hearing on this issue before the commencement of trial.

## II. Defendants' Rule 412 Motion to Present Evidence of Salazar's Workplace Behavior and Conversation

Defendants request that the Court allow evidence of Salazar's workplace behavior and conversations because such evidence is admissible and is highly relevant to the question of whether the alleged harassment was welcome. (Doc. 137 at 5-6) Plaintiffs argue that the evidence fails to meet the exception to Rule 412's requirements for admissibility and perpetuates stereotypes about acquaintance rape that the Rule excludes. (Doc. 145 at 2-6) The Court takes Defendants' Rule 412 Motion under advisement until a Rule 412 Hearing on the issue can be held.

In *B.K.B. v. Maui Police Department*, the Ninth Circuit addressed the parameters of Rule 412 evidence, in detail. 276 F.3d 1091 (9th Cir. 2002), *as amended* (Feb. 20, 2002). It observed:

> As amended in 1994, Rule 412 forbids the admission of evidence of an alleged victim's sexual behavior or sexual predisposition in all civil or criminal proceeding[s] involving alleged sexual misconduct except under limited circumstances. Significantly, the Advisory Committee Notes state that the word "behavior" should be construed to include activities of the mind, such as fantasies or dreams. The purpose of the amended rule is to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.
>
> Rule 412's coverage extends over sexual harassment lawsuits. Moreover, in a sexual harassment lawsuit as in any civil case, evidence offered to prove a victim's sexual behavior or sexual predisposition is admissible (if it is otherwise admissible) only if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. With respect to subsection (b)(2), the Advisory Committee Notes clarify that the balancing test to be employed in assessing whether to admit proposed evidence is more stringent than that governing Rule 403: First, it Reverses that usual procedure ... by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence. Second, ... it raises the threshold for admission by requiring that the probative value of the evidence *substantially* outweigh the specified dangers. Finally, the Rule 412 test puts harm to the victim on the scale in addition to prejudice to the parties.
>
> Unless the trial court permits an accommodation for good cause, a party seeking to introduce evidence covered by Rule 412 must file a motion, detailing the evidence and its purpose, no later than 14 days before the commencement of trial. The moving party must serve the motion on all parties and give notice to the alleged victim. Before admitting evidence ... the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard.

*Id.* at 1104-05 (internal citations and quotation marks omitted).

Using the instructions from *Maui Police Department* and the Federal Rules of Civil Procedure as guideposts, the Court schedules a closed Rule 412 Hearing for Tuesday, December 7, 2021, at 3:30 p.m. The Court will address any arguments and/or evidence presented in Defendants' Rule 412 Motion and Plaintiffs' Motion *in Limine* #3 (concerning sexual predisposition evidence) at that time.

### III. Defendants' Motion to File Under Seal

On September 16, 2021, Defendants filed a Motion to File Under Seal (Doc. 148) requesting that the Court allow them to file their Reply to Support Rule 412 Motion to Present Evidence of Lani Salazar's Workplace Behavior and Conversations and Defendants' Request for Hearing (Doc. 149) under seal, as the Federal Rules of Civil Procedure mandate that any material related to a Rule 412 motion be filed as such. Finding good cause shown, the Court grants Defendants' request and instructs the Clerk of Court to file lodged document (Doc. 149) on the docket and UNDER SEAL. It is not necessary for the Clerk to file this Order under seal.

**IT IS ORDERED:**

1. Plaintiffs' Motions *in Limine* #2 and 5 [107], [112], are GRANTED.

2. Defendants' Motion *in Limine* #2 [105] is DENIED.

3. Plaintiffs' Motions *in Limine* #3 and 4 [108], [110], and Defendants' Motion *in Limine* #1 [104] are GRANTED IN PART AND DENIED IN PART.

4. Defendants' Motion to File Under Seal [148] is GRANTED. The Clerk of Court shall file lodged [149] on the case docket and UNDER SEAL. It is unnecessary to file this Order under seal.

5. Defendants' Rule 412 Motion to Present Evidence of Lani Salazar's Workplace Behavior and Conversations [137] is TAKEN UNDER ADVISEMENT.

6. Plaintiffs shall file a supplemental memorandum concerning "other bad act" evidence within 14 days from the date of this Order. Defendants have 7 days upon receipt of Plaintiffs' supplemental memorandum to file a response. No reply will be permitted unless otherwise instructed by the Court.

7. A closed Rule 412 Evidentiary Hearing is set for December 7, 2021, at 3:30 p.m.

Dated this 30th day of November, 2021.

Honorable Cindy K. Jorgenson
United States District Judge